UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ARTHUR WIGFALL, JR.,

                              Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER
William Butler, Shield No. 00691, Unknown Officers and
an Unknown Commander of the 32nd Precinct, in their
individual capacities and in their official capacities as
employees of the City of New York,

                              Defendants.
-----------------------------------------------------------------X

13 CV 0268

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

    Plaintiff, Arthur Wigfall, Jr., by his attorney, Kavin L. Edwards, Esq., alleges the following for this Complaint:

## NATURE OF THE ACTION

    1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, for deprivation of plaintiff's rights under the Fifth, and Fourteenth Amendments of the United States Constitution, Article 1, Sections 6 of the New York State Constitution, and laws of the State of New York, against the City of New York, New York City Police Officer William Butler, three unknown City of New York, New York City Police Officers and an unknown New York City Police Commander presumably a Lieutenant, Captain or Inspector, police officers of the City of New York, in their individual capacities and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorney's fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

## VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of plaintiffs' complaint occurred in that District.

## NOTICE OF CLAIM

4. On January 17, 2012, Plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5. Plaintiff's Notice of Claim was in writing, individually sworn to by plaintiff, containing his name and address, and the name and address of his attorney.

6. The Notice of Claim set out the nature of the claims, the time when, the place where, and manner by which the claims arose, and the damages and injuries claimed to have been sustained by plaintiff.

7. The City of New York has failed to adjust the claims for plaintiff within the statutory time period.

8. This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based.

## PARTIES

9. Arthur Wigfall, Jr. ("Plaintiff") is a citizen of the United States and, at all times relevant to the claims arising herein, was a resident of the State of New York.

10. At all times relevant to this complaint, defendant Police Officer William Butler ("defendant Butler"), each unknown defendant Police Officer ("defendants PO-1, PO-2, and PO-3"), and the unknown defendant Commander ("defendant White Shirt") were duly appointed and acting police officers of the New York City Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York, the City of New York, and the New York City Police Department.

11. Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of defendant City of New York.

12. At all relevant times, the City of New York and its Police Department employed all of the individual defendants.

13. At all relevant times, all of the individual defendants were agents, servants, and employees of the City of New York acting within the scope of their employment by defendant City of New York and its Police Department.

## FACTS

14. On October 18, 2011, in the late afternoon, Plaintiff was arrested on Seventh Avenue between 146th and 147th Street in Manhattan by defendant Butler from the New York City Police Department's (NYPD's) 32nd Precinct, and charged with Criminal Mischief in the 4th degree: Intentional Damage to Property.

15. Prior to being arrested, Plaintiff had broken a window at a local Chinese Restaurant, Red Star, and cut his wrist.

16. Immediately after obtaining a towel from an employee at a nearby hair salon, to try and stop the bleeding, Plaintiff began walking back towards Red Star to apologize and offer to pay for the damage to the window.

17. While in route to Red Star, with his wrist wrapped in the above mentioned, now blood stained towel, Plaintiff was put in handcuffs by defendant Butler and placed in the back of a police vehicle.

18. When Plaintiff arrived at the 32nd Police Precinct, he was placed in a holding cell.

19. Plaintiff's wrist had not stopped bleeding, and he made numerous requests for medical attention.

20. Plaintiff was greatly concerned about his injury and frustrated by the police officer's continued refusal to help him get needed medical attention.

21. Between focusing on his wound, and requesting medical attention, Plaintiff saw the police processing other people, some of which looked like they could have been vagrants and persons with poor hygiene.

22. Around the time the police were ready to take Plaintiff's finger prints, it appeared as though it was the time that the shifts were changing.

23. When the defendant police officers from the 32nd Precinct (hereinafter "defendants, defendant officer or officers") told Plaintiff they were ready to take his finger prints, Plaintiff again told them that he needed medical attention for his wrist and hand.

4

24. The defendants seemed frustrated and annoyed with Plaintiff, as though he was preventing them from being able to complete their shift.

25. The defendants said that they needed Plaintiff's prints.

26. Plaintiff reiterated that he needed medical attention and objected to placing his hand with an open and bleeding wound on the same instrument that had been used earlier for some people that looked like they could have been vagrants or persons with poor hygiene, without the instrument being cleaned.

27. The defendant Butler said to Plaintiff, we are getting your prints one way of another.

28. At this point, the defendants began putting on gloves and congregating at the front of the cell that Plaintiff was locked in.

29. When the defendants, including, defendant Butler, PO-1, PO-2, PO-3, and defendant White Shirt opened the cell door and rushed in, Plaintiff retreated and attempted to cover himself but the defendants began beating Plaintiff.

30. The defendant officers punched and kicked Plaintiff several times and slammed Plaintiff to the ground, causing Plaintiff to suffer great pain.

31. The defendant officers beat Plaintiff until he was knocked unconscious.

32. Plaintiff vaguely remembers going in and out of consciousness, after defendants had finished beating him.

33. Plaintiff awoke with defendants on each side of him, one on the left and the other on the right. Each defendant was behind Plaintiff and had one of his arms twisted in such a way that Plaintiff's torso was forced forward.

34. A third officer held Plaintiff's face up while a fourth person held a digital camera and took pictures of Plaintiff's bruised face.

35. Shortly after Plaintiff's picture was taken, he lost consciousness again.

36. The next thing that Plaintiff remembers was waking up handcuffed to a bed, in Harlem Hospital, with a tremendous headache, pains all over his body, and his head being swollen.

37. The doctors at Harlem Hospital stated that the discs in Plaintiff's spine where swollen and wanted to operate on him.

38. Plaintiff declined to allow the doctors to operate because there was a risk that he might not be able to walk again if the surgery went badly.

39. The next several days Plaintiff spent, in and out of consciousness, handcuffed to a bed, being fed intravenously and taking a host of different medications to try and manage his pain.

40. Although the Hospital did not appear ready to release Plaintiff, he got discharged so that he could attempt to address the criminal charges against him.

41. Plaintiff was arrested and placed in custody on October 18th, 2011 and remained in police custody until sometime on October 21st, 2011 when he was finally arraigned in Criminal Court.

42. At Plaintiff's arraignment, he learned that he was being charged with Criminal Mischief in the 4th degree: Intentional Damage to Property.

43. As a result of the defendants' actions, Plaintiff is experiencing pain in his shoulders and wrist, extreme pain in my back and the discs in his spine are swollen.

44. As a result of the defendants' actions, Plaintiff is anxious and emotionally distressed because as a consequence of the swollen discs in his spine, his doctors have informed him that there is a possibility that he may begin losing control of his bowels and bladder.

45. As a result of the defendants' actions, Plaintiff is experiencing dizziness from the blows to his head and he is seeing spots that come and go.

46. As a result of the defendants' actions, Plaintiff has neck pains and they make it difficult for him to turn.

47. As a result of the defendants' actions, when Plaintiff needs to look in a different direction, he needs to turn his torso because of the injury to his neck.

48. Since leaving the hospital, as a result of the defendants' actions, Plaintiff is experiencing: pain when he sits up; pain when he lies down; and pain when he walks.

49. As a result of the defendants' actions, if Plaintiff travels, he is in pain, and he feels greater pain when he returns home.

50. As a result of the defendants' actions, Plaintiff is also experiencing pains in his body when the temperature decreases.

51. As a result of the defendants' actions, Plaintiff's right hand is injured.

52. Plaintiff's doctors believe that he has suffered nerve damage to his right hand as a result of the beating the defendants gave him.

53. Plaintiff is forced to take a number of different medications to try and deal with his injuries, including, Lyrica, Celebrex, Nebutane, Morphine and Methadone.

54. Plaintiff was also prescribed a muscle relaxer that he takes as needed.

7

55. Plaintiff is very concerned about taking the high dosages of medications and their effect on his kidney function especially, if he may lose control of his bladder.

56. At this time, Plaintiff does not know the full nature and extent of the damages and injuries he suffered as a result of the above described-conduct by the defendants.

57. All of the physical contact between Plaintiff and defendants was wrongfully initiated, and unjustifiably continued by defendants.

58. As a direct and proximate result of the above said acts of the defendants, Plaintiff suffered the following injuries and damages:

  a) Violation of his constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 6 of the New York State Constitution, to receive necessary medical attention while in police custody;

  b) Violation of his constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 6 of the New York State Constitution, to not suffer the deprivation of his liberty without due process of law;

  c) Physical injury, pain, and suffering;

  d) Emotional trauma, distress, and suffering.

59. The actions of the individual defendants violated the following clearly established and well-settled constitutional rights of Plaintiff:

  a) Freedom from the use of excessive, unreasonable, and unjustified force against his person.

## FIRST CAUSE OF ACTION

60. Paragraphs 1 through 59 of this complaint are incorporated herein by reference as though fully set forth herein.

61. By way of their above-described actions, each of the defendants, acting under color of law, violated Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution.

62. Plaintiff claims damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above, caused by the defendants' aforesaid violations of plaintiff's constitutional rights under color of law.

## SECOND CAUSE OF ACTION

63. Paragraphs 1 through 59 of this complaint are incorporated herein by reference as though fully set forth herein.

64. Defendants utilized excessive force against Plaintiff, or caused excessive force to be used against Plaintiff, by way of defendants forcefully punching and kicking Plaintiff, slamming him to the ground, beating and kicking Plaintiff to the point of unconsciousness, twisting Plaintiff's arms behind his back and up towards so that his torso would be pushed forward, while lifting his head up to take photos of Plaintiff, during the course of defendants refusing to get Plaintiff requested and necessary medical treatment.

65. Plaintiff claims damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of the above-described use of excessive force by the defendants.

## THIRD CAUSE OF ACTION

66. Paragraphs 1 through 59 of this complaint are incorporated herein by reference as though fully set forth herein.

67. Defendants intentionally inflicted emotional distress upon Plaintiff by way of defendants' above-described actions.

68. Plaintiff claim damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by plaintiff as a result of the defendants intentional infliction of emotional distress upon plaintiff.

### FOURTH CAUSE OF ACTION

69. Paragraphs 1 through 59 of this complaint are incorporated herein by reference as though fully set forth herein.

70. Defendants negligently inflicted emotional distress upon plaintiff by way of defendants' above-described actions.

71. Plaintiff claim damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by plaintiff as a result of the defendants negligent infliction of emotional distress upon plaintiff.

### FIFTH CAUSE OF ACTION

72. Paragraphs 1 through 59 of this complaint are incorporated herein by reference as though fully set forth herein.

73. Defendants utilized excessive force against Plaintiff, or caused excessive force to be used against Plaintiff, by way of defendants forcefully punching and kicking Plaintiff, slamming him to the ground, beating and kicking Plaintiff to the point of unconsciousness, twisting Plaintiff's arms behind his back and up towards so that his torso would be pushed forward, while lifting his head up to take photos of Plaintiff, during the course of defendants refusing to get Plaintiff requested and necessary medical treatment.